UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARRY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-01961-JPH-MPB |
| | ) |
| DEPARTMENT OF PUBLIC WORK, | ) |
| CITY OF INDIANAPOLIS, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Summary Judgment. Dkt 21. For the reasons stated below, Defendant's Motion is **GRANTED.**

I. **Background**

Plaintiff worked as a driver for the City of Indianapolis from August 20, 1968, until he retired on October 30, 2009. Dkt. 5-1. On June 13, 2017, he filed a *pro se* complaint against Defendant alleging that he was not being paid the correct amount of retirement benefits. Dkt. 1.

When screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court found that Plaintiff's claim under the Employee Retirement Income Security Act of 1974 (ERISA) failed because ERISA exempts governmental plans. Dkt 4 at 2. The Court also found that Plaintiff's claim under Title VII of the Civil Rights Act of 1964 (Title VII) failed because he did not allege he was a member of a

1

protected class. *Id.* at 2-3. The Court granted Plaintiff leave to show cause why the Court should not dismiss his complaint. *Id.* at 3. In response, Plaintiff clarified that he was pursuing a race discrimination claim against Defendant because he is a person of color. Dkt. 5 at 1. The Court found this supplement sufficient to state a claim for discrimination and allowed the case to proceed as a claim under Title VII. Dkt. 6.

Defendant filed a Motion for Summary Judgment arguing that it cannot be held liable for Plaintiff's claim because the City of Indianapolis does not administer Plaintiff's retirement benefits. Dkt. 22 at 3-4. In addition, Defendant argues that Plaintiff failed to exhaust his administrative remedies before bringing his claim as required by Title VII. *Id.* at 4. In response, Plaintiff claims that he was not being treated fairly considering his years of service to Defendant and that the Equal Employment Opportunity Commission (EECO) did help him. Dkt. 24.

**II.    Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and provide evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must "go beyond the pleadings" and proffer "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In

ruling on a motion for summary judgment, the Court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

**III. Analysis**

The Court construes Plaintiff's complaint to allege a claim under Title VII, 42 U.S.C. § 2000e *et seq. See* dkt. 6. Title VII's administrative remedies must be pursued before a plaintiff can bring a claim in court. First, in Indiana, a plaintiff must file a complaint with the state agency and with the EEOC. 42 U.S.C. § 2000e-5; 29 C.F.R. § 1601.13(a)(3)(ii); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 730 n. 7 (7th Cir. 2014). If these agencies decide not to bring a claim on the plaintiff's behalf, the EEOC will issue a "right to sue" letter to the plaintiff. 42 U.S.C. §§ 2000e–5(e), (f)(1). Only after receiving a right-to-sue letter can a plaintiff sue under Title VII. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). If a plaintiff sues under Title VII without first exhausting these administrative remedies, the plaintiff's complaint must be dismissed. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666-67 (7th Cir. 2013).

Here, there is no evidence that Plaintiff filed an administrative charge as required before filing suit. The EEOC has no record of receiving a complaint from Plaintiff against Defendant. Dkt. 22-3. Nor has Plaintiff provided any evidence, or even alleged, that he has received the necessary right-to-sue letter from the EEOC. The undisputed evidence, therefore, demonstrates that

Plaintiff has not exhausted his administrative remedies before bringing his Title VII claim.

Plaintiff claims he did contact the EEOC, so the Court considers whether that allegation is sufficient evidence to excuse the failure to exhaust administrative remedies. Courts may excuse a failure to exhaust administrative remedies "if the claimant's failure to receive a right-to-sue letter is attributable to EEOC error." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128–29 (7th Cir. 1989). For example, in *Grasty v. Cambridge Integrated Servs. Grp., Inc.*, No. 1:13-cv-2522, 2014 WL 5543933, at *4 (N.D. Ill. Nov. 3, 2014), the court denied the defendant's motion to dismiss the plaintiff's Title VII claim because it found that the plaintiff's failure to receive a right-to-sue letter may be attributed to EEOC error. There, the plaintiff alleged that she completed a questionnaire for the EEOC and cited an EEOC-provided transaction number for her claim. *Id.* at *2. The plaintiff's claim was further corroborated by the EEOC's call records and an inquiry number assigned to the plaintiff's claim by the agency. *Id.*

Here, Plaintiff has not provided any evidence from which a trier of fact could conclude that he could not exhaust the required administrative remedies because of EEOC error. For example, Plaintiff has not provided the Court with dates in which he contacted the EEOC, corroborating telephone records, or tracking numbers from the EEOC as evidence that he filed a proper complaint with the EEOC. Further, Plaintiff has not provided an explanation for why the EEOC, after declining to pursue his claims, failed to provide him with a right-

4

to-sue letter. In total, Plaintiff has only alleged that he contacted the EEOC and that they were "no help at all," dkt. 1, and may have thrown his paperwork in the trash, dkt. 24. This is not enough.

On summary judgment, Plaintiff, cannot "simply rest upon the pleadings but must instead submit evidentiary materials" to support his claims. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010). Defendant has proffered undisputed evidence that Plaintiff has not exhausted his administrative remedies before bringing his claim. Plaintiff has provided no evidence that the EEOC is to blame for his failure to do so.

Therefore, the Court **grants** Defendant's motion for summary judgment. Dkt. [21]. Because this conclusion is dispositive, the Court confines its analysis to this issue and makes no finding as to whether the City of Indianapolis is properly named as a defendant.

**SO ORDERED.**
 Date: 1/30/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HARRY DAVIS
7219 Rosehill Drive
Apt. H
Indianapolis, IN 46260

Daniel Bowman
OFFICE OF CORPORATION COUNSEL
daniel.bowman@indy.gov

Anne Celeste Harrigan

OFFICE OF CORPORATION COUNSEL
anne.harrigan@indy.gov